IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**SHEILA NICHOLSON, SHELLEY NICHOLSON AND RICHARD HIRSTSUS,**
**Plaintiffs**

**VERSUS** **NO. 05 - 1259 L**

**THE UNITED STATES OF AMERICA and the U.S. ARMY CORPS OF ENGINEERS,**
**Defendants**

## COMPLAINT FOR CLASS ACTION

Plaintiffs bring this action on behalf of themselves and a class of similarly situated persons which is comprised of individuals who own real property in the City of New Orleans which was affected by the flood caused by the breach of the levees on the 17th Street Canal, London Avenue Canal, and Industrial Avenue Canal and file this Complaint for inverse condemnation under the Fifth Amendment to the United States Constitution for deprivation of property without due process of law. Essentially, the gravaman of this Complaint is that the design and construction of the levee system in the City of New Orleans was defective. The refusal of the defendants to maintain, rebuild and/or erect a levee system capable of withstanding a Category 5 hurricane and storm surge is and will continue to devalue the real property owned by the class members and constitutes a taking under the appropriate constitutional provisions and related legislation.

I.

**JURISDICTION**

1.

This action arises under the Constitution of the United States of America more specifically the Fifth Amendment thereof and the Tucker Act 28 USC 1346; 1491.

II.

**PLAINTIFFS**

2.

Plaintiffs are:

Sheila Nicholson, a resident and domiciliary of New Orleans, Louisiana;

Shelley Nicholson, a resident and domiciliary of New Orleans, Louisiana;

Richard Hirstsus, a resident and domiciliary of New Orleans, Louisiana.

3.

Plaintiffs are owners of real property in New Orleans, Louisiana which property has been severely devalued by the actions of the defendants which constitutes a taking under inverse condemnation.

III.

**DEFENDANTS**

4.

The United States of America.

5.

The U.S. Army Corps of Engineers, an agency of the United States of America.

6.

Defendants are responsible for flood control throughout the United States including, without limitation thereby, the Lower Mississippi River Valley and Mississippi River Delta.

7.

Defendants designed and built a levee system throughout the country including, without limitation thereby, the Lower Mississippi River, specifically including, but without limitation thereby, the area immediately north and south of the City of New Orleans as well as throughout the City of New Orleans.

8.

Defendants designed and built earthen levees and flood walls utilizing concrete and sheet piles.

9.

The concrete and sheet pile levees were defectively designed and improperly constructed by the defendants.

10.

The specific defects in the construction and design of the flood walls and levee system in southeast Louisiana is under investigation and preliminary reports indicate that the defendants failed to recognize and take steps to deal with soil conditions in, around and under the flood control walls.

11.

As a result of the improperly designed and constructed flood walls, storm surge from Hurricane Katrina caused the canal walls at the 17th Street Canal, London Avenue Canal

and Industrial Avenue Canal to fail causing a breach in the flood control walls which caused the flooding of a major portion of the City of New Orleans.

12.

As a result of the flooding in New Orleans due to the defective design and construction of the flood walls, the property values of the class representatives and all members of the class have been severely impacted in a negative way.

13.

The U.S. Army Corps of Engineers is in the process of repairing the flood control walls at the 17th Street, London Avenue and Industrial Avenue Canals to an alleged Category 3 Hurricane protection level.

14.

Prior to the failure of the canal walls, the flood control walls were supposed to be sufficient to withstand a Category 3 hurricane and storm surge.

15.

On information and belief Hurricane Katrina was a Category 3 storm as it hit New Orleans.

16.

Notwithstanding the fact that Hurricane Katrina was a Category 3 hurricane, the flood walls failed.

17.

The technology is available to construct flood walls to withstand a Category 5 hurricane.

18.

The property values of property owned by the class representatives and class members will continue to suffer unless and until the flood walls and levees are constructed in a manner to withstand a Category 5 hurricane and storm surge.

19.

If flood walls capable of withstanding a Category 5 hurricane are not constructed, then the property values will never return to the pre-Katrina values. Even constructing floodwalls capable of withstanding a Category 5 hurricane may not restore full value to the properties owned by the class representatives and class members.

**IV.**

**CLASS ACTION PROCEEDING IS APPROPRIATE**

20.

Plaintiffs bring this action pursuant to Rule 23 of the Rules of the Court of Federal Claims on behalf of themselves and a class of similarly situated persons.

21.

The class includes thousands of members, many of which are known and others that are unknown to the plaintiffs, but who can be readily identified by the defendants.

22.

All class members' real estate values in the City of New Orleans have been adversely affected as a result of the "taking" of their property by the defendants.

23.

There is a well defined community of interest in questions of law and fact affecting the class.

24.

There are common questions of law and fact affecting the rights of the members of this class who are, were, and continue to be, deprived of their property without due process of law. Those common questions include, but are not limited to, (1) whether the defendants knew or should have known of the defective design and construction of the flood walls; (2) whether technology exists to build flood walls and levees capable of withstanding a Category 5 hurricane and storm surge; and (3) whether the property values of the property owned by the class members have been adversely affected and whether or not the property values will ever be restored if Category 5 flood walls and levees are not constructed. These common questions predominate over any questions affecting only individual members of this class and class action is a superior form of litigating these issues.

25.

The claims of all members of the class and/or subclasses to be established result from a similar course of conduct, namely improper construction and design of the existing flood walls and refusal to construct new flood walls and levees capable of withstanding a Category 5 hurricane and storm surge.

26.

The members of the class are so numerous that joinder of all members is impracticable in the prosecution of the common relief sought.

27.

Defendants have acted and refuse to act on grounds generally applicable to the class. Under these circumstances, the common interests of the class are such that any interest of the individual members of the class is completely outweighed by the desirability of concentrating the controversy in a single forum in a class action for the fair and efficient adjudication of this controversy.

28.

The questions of law and fact common to the class involve whether the actions of the defendants constitute an inverse condemnation of the property interests of the members of the class.

29.

Plaintiffs are adequate representatives of the class and will fairly and fully prosecute this matter on behalf of themselves and other class members without partiality to any class members and have retained counsel who are experienced in complex and class action litigation.

30.

The members of the class have been displaced and are likely now dispersed throughout the United States.

31.

Plaintiffs are part of a class and possess the same interest and suffered the same injury as the class members, with the only difference in the claims being related to the amount of damages, not the nature of the damages or the mechanism by which the damages were inflicted.

32.

The damages suffered by all members of the class can be calculated by an objective formula.

V.

**STATEMENT OF THE CASE**

33.

The defendants are charged with the responsibility to maintain adequate flood control for the United States of America.

34.

All of the class members are property owners of real property in New Orleans, Louisiana.

35.

The levee system around the Mississippi River is and has been under the jurisdiction and control of the defendants.

36.

The defendants have designed and constructed flood control walls along the 17th Street Canal, London Avenue Canal and Industrial Avenue Canal.

37.

The flood control walls were supposed to be capable of withstanding a Category 3 hurricane and storm surge.

38.

Hurricane Katrina hit the New Orleans area on August 29, 2005.

39.

On August 29, 2005, the hurricane passed through the City of New Orleans causing wind damage in various parts of the city.

40.

After the hurricane passed through the City of New Orleans, the storm surge from Lake Pontchartrain caused the collapse of flood control walls at the 17th Street Canal, London Avenue Canal and Industrial Avenue Canal.

41.

As a result of the collapse of the flood control walls at the 17th Street Canal, London Avenue Canal and Industrial Avenue Canal, water from Lake Pontchartrain flooded major parts of the City of New Orleans.

42.

The flood waters rose, in some cases to twelve feet or more and submerged either completely or partially the majority of the homes and buildings in the City of New Orleans.

43.

The flood waters remained in the city for weeks causing serious damage to the majority of the buildings in the City of New Orleans.

44.

The defendants have announced plans to repair the flood control walls and levee systems to its prior Category 3 strength.

45.

Technology exists to repair, replace and/or rebuild the levee system to withstand a Category 5 storm.

46.

The design and construction of the flood walls was defective.

47.

It has been reported that the cost to design and construct a levee system to withstand a Category 5 hurricane will run between $8,000,000,000 and $16,000,000,000.

48.

The defendants have chosen not to repair and rebuild the levee system to withstand a Category 5 hurricane.

49.

As a result, the property values for real property in the City of New Orleans have been significantly reduced.

50.

Unless and until a levee system is designed to withstand a Category 5 hurricane, the property values of the property in the City of New Orleans will remain at an artificially low level.

51.

The decision not to rebuild and/or replace the levee system to withstand a Category 5 hurricane constitutes a taking under the appropriate provisions of the United States Constitution and related legislation.

52.

The defendants need to pay fair value for the damage suffered by each and every property owner in the City of New Orleans as a result of the inverse condemnation of their properties.

53.

The damages may very well exceed $100,000,000,000.00.

54.

Plaintiffs are entitled to recover all damages including an award for attorney's fees and costs for the prosecution of this class action.

**WHEREFORE**, the plaintiffs pray that after due proceedings there be judgment rendered herein in favor of the plaintiff class and against the defendants, the United States of America and the U. S. Army Corps of Engineers, for all sums that are reasonable in the premises including, without limitation thereby, damages to real property in the City of New Orleans owned by the class members in the approximate amount of $100,000,000,000.00 including an attorney's fee award for the prosecution of this case.

**Respectfully submitted,**

**LOWE, STEIN, HOFFMAN,**
**ALLWEISS & HAUVER, L.L.P.**

**MITCHELL J. HOFFMAN (6896)**
**MICHAEL R. ALLWEISS (2425)**
**HILARY HURST LANDRY (26934)**
**JEFFREY M. HOFFMAN (29253)**
**701 Poydras Street, Suite 3600**
**New Orleans, Louisiana 70139-7735**
**(504) 581-2450**
**(504) 581-2461 (Fax)**
**Attorneys for Plaintiffs, Sheila Nicholson, Shelley Nicholson and Richard Hirstsus**

Signed: December 1, 2005