IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHEILA NICHOLSON, and<br>SHELLEY NICHOLSON, and<br>RICHARD HIRSTSUS<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1259L<br><br>Hon. Lawrence M. Baskir |

ANSWER

The first unnumbered paragraph in the Complaint is Plaintiffs' characterization and summary of their claims and requires no response. To the extent that it contains factual allegations, they are denied.

1. The allegation in Paragraph 1 of the Complaint states a conclusion of law to which no response is required. The United States of America (hereafter "Defendant") admits that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court.

2. Paragraph 2 identifies the named plaintiffs, to which no response is required. Defendant is without knowledge as to the truth of the remaining allegations in Paragraph 2 and said allegations are therefore denied.

3. Defendant is without knowledge as to the truth of the allegations in Paragraph 3 and said allegations are therefore denied. Defendant denies that there has been a taking "under inverse condemnation."

4. Defendant admits that the United States is alleged to be a defendant in this case.

5. Defendant denies that the U.S. Army Corps of Engineers (hereafter "the Corps") is a proper defendant in this Court. 28 U.S.C. § 1491.

6. Defendant denies the allegations of Paragraph 6. Defendant avers that the Corps, an agency of the United States, has certain responsibilities for flood control in the Mississippi River Valley.

7. Defendant admits that the Corps has constructed flood control levees in the New

Orleans area. The remaining allegations of Paragraph 7 are denied.

8. Defendant admits the allegations of Paragraph 8, but avers that the allegation is incomplete and does not adequately describe the work done by the Corps.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendants denies the allegations of Paragraph 11.

12. Defendant is without knowledge as to the property allegedly owned by Plaintiffs. Defendant denies the remaining allegations of Paragraph 12.

13. Plaintiffs characterization of the Corps' present activities as to the intended level of protection is denied, but it is admitted that the Corps is engaged in repairing levees in the New Orleans area.

14. Defendant denies the allegations of Paragraph 14. As stated, they are ambiguous and subject to misinterpretation.

15. Defendant denies the allegations of Paragraph 15. As stated, they are ambiguous and subject to misinterpretation.

16. Defendant denies the allegations of Paragraph 16. As stated, they are ambiguous and subject to misinterpretation.

17. Defendant denies the allegations of Paragraph 17 As stated, they are ambiguous and subject to misinterpretation.

18. Defendant is without knowledge of the property allegedly owned by Plaintiffs. Defendant denies the remaining allegations of Paragraph 18. As stated, they are ambiguous, speculative, and subject to misinterpretation.

19. Defendant denies the allegations of Paragraph 19. As stated, they are ambiguous, speculative, and subject to misinterpretation.

20. The allegations of Paragraph 20 state conclusions of law to which no response is required. Further answering, Defendant denies that these Plaintiffs are qualified to bring a class action in this case.

21. Defendant is without knowledge as to the truth of the allegations of Paragraph 21 and said allegations are therefore denied. Defendant further avers that the identification and location of all persons in New Orleans who suffered flood

damage to their property may be extremely difficult to accomplish.

22. The allegation of Paragraph 22 are denied. Defendant further specifically denies that any taking of private property has occurred as a result of Hurricanes Katrina.

23. The allegations of Paragraph 23 of state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

24. The allegations in Paragraph 24 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendant avers that this Court lacks jurisdiction over any claim based on an alleged deprivation of Due Process.

25. The allegations in Paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

26. The allegations in Paragraph 26 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

27. The allegations in Paragraph 27 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

28. The allegations in Paragraph 28 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs complaint alleges an inverse condemnation claim; the remaining allegations are denied.

29. The allegations in Paragraph 29 of the Complaint are denied.

30. Defendant admits that many former residents of New Orleans do not currently reside in New Orleans. Defendant is without knowledge as to the truth of the remaining allegations in Paragraph 30 and said allegations are therefore denied.

31. The allegations in Paragraph 31 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

32. The allegations in Paragraph 32 of the Complaint are denied.

33. Defendant denies the allegations of Paragraph 33. As stated, they are ambiguous,

speculative, and subject to misinterpretation.

34. Defendant denies the allegations of Paragraph 34. As stated, they are ambiguous, speculative, and subject to misinterpretation.

35. Defendant denies the allegations of Paragraph 35, but avers that the Corps does have responsibility for many, but not all, of the levees around New Orleans.

36. Defendant denies the allegations of Paragraph 36. As stated, they are ambiguous, speculative, and subject to misinterpretation.

37. Defendant denies the allegations of Paragraph 37. As stated, they are ambiguous, speculative, and subject to misinterpretation.

38. Defendant denies the allegations of Paragraph 38 but avers that the New Orleans area was subject to the effects of Hurricane Katrina on the date alleged.

39. Defendant denies the allegations of Paragraph 39. As stated, they are ambiguous, speculative, and subject to misinterpretation.

40. Defendant denies the allegations of Paragraph 40. As stated, they are ambiguous, speculative, and subject to misinterpretation.

41. Defendant denies the allegations of Paragraph 41. As stated, they are ambiguous, speculative, and subject to misinterpretation.

42. Defendant denies the allegations of Paragraph 42. As stated, they are ambiguous, speculative, and subject to misinterpretation.

43. Defendant denies the allegations of Paragraph 43. As stated, they are ambiguous, speculative, and subject to misinterpretation.

44. Defendant denies the allegations of Paragraph 44 but admits that the Corps is making repairs to levees in the New Orleans area.

45. Defendant denies the allegations of Paragraph 45. As stated, they are ambiguous, speculative, and subject to misinterpretation.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant is without knowledge as to the truth of the allegations in Paragraph 47 and said allegations are therefore denied.

48. Defendant denies the allegations of Paragraph 48. As stated, they are ambiguous,

speculative, and subject to misinterpretation.

49. Defendant denies the allegations of Paragraph 49. As stated, they are ambiguous, speculative, and subject to misinterpretation.

50. Defendant denies the allegations of Paragraph 50. As stated, they are ambiguous, speculative, and subject to misinterpretation.

51. The allegations in Paragraph 51 of the Complaint are denied.

52. The allegations in Paragraph 52 of the Complaint are denied.

53. Defendant denies the allegations of Paragraph 53. As stated, they are ambiguous, speculative, and subject to misinterpretation.

54. The allegations in Paragraph 54 of the Complaint are denied.

All allegations of the Complaint which have not been specifically admitted or otherwise answered are hereby denied.

Answering Further, Defendant denies that Plaintiffs are entitled to any of the relief sought and alleges that Judgment should be entered in favor of the United States dismissing this case and granting the United States such other relief as to which it may show itself to be justly entitled.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501.

3. This Court lacks subject matter jurisdiction over Plaintiffs' claim because it sounds in Tort.

Respectfully Submitted, this the 26th Day of January, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Fred R. Disheroon by Mark T. Romley
Fred R. Disheroon, Special Litigation Counsel
Mark T. Romley, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D St. N.W., Room 3022
Washington D.C. 20004
(202) 616-9649
Fax: (202) 616-9667