IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHEILA NICHOLSON, and<br>SHELLEY NICHOLSON, and<br>RICHARD HIRSTSUS<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1259L<br><br>Hon. Lawrence M. Baskir |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, Case Management Procedure of the Rules of the Court of Federal Claims (RCFC), the Plaintiffs and Defendant file this Joint Preliminary Status Report.

**A. Does the Court have jurisdiction over the action?**

Plaintiffs: The Court has jurisdiction over the action.

Defendant: Assuming that Plaintiffs can establish the necessary facts, Defendant agrees that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate their claim of a Fifth Amendment taking.

**B. Should the case be consolidated with any other case and, if so, why?**

The parties do not believe that this case should be consolidated with any other case.

**C. Should trial of liability and damage be bifurcated and, if so, why?**

Plaintiffs: No.

Defendant: Defendant believes that this case should be bifurcated between liability and damages for reasons of judicial and litigant efficiency. In the liability phase, the Court can adjudicate whether there has been a taking of Plaintiffs' respective property interests. It will be far more efficient to prepare and litigate the damages phase of the case only after it has been clearly established what interests, if any, have been taken by Defendant.

**D. Should further proceedings in the case be deferred pending consideration of another case before this Court or any other tribunal and, if so, why?**

The parties do not believe that this case should be deferred and the parties are not aware of any case pending before this Court which would necessitate the deferral of this action.

**E. Will a remand or suspension be sought and, if so, why and for how long?**

The parties are not seeking a remand or a suspension.

**F. Will additional parties be joined?**

Plaintiffs: Additional class representatives will likely join this action.

Defendant: In the interest of judicial and litigant efficiency, Defendant believes that the process of identifying and certifying a class in this case should be postponed until a clearer picture of Defendant's potential liability, if any, is developed and the bases for Plaintiffs' claims established. Defendant does not concede that this is an appropriate matter for class certification.

**G. Does either party intend to file a Motion pursuant to RCFC 12(B), 12(C), or 56?**

Plaintiffs: Possible Motion under RCFC 56 after discovery has been completed.

Defendant: Defendant anticipates filing a Motion under RCFC 56 at the close of discovery.

**H. What are the relevant factual and legal issues?**

Plaintiffs: The actions of the United States of America constituted a taking under the Fifth Amendment of the United States Constitution more commonly known as inverse condemnation. This question will be answered by ascertaining the responsibility imposed upon the United States by Congress and the implementation of that responsibility by the Army Corps of Engineers. The Army Corps of Engineers was responsible for the design and construction of the flood-control levees in and around New Orleans which failed as a result of the Hurricane Katrina storm surge. The failure of the flood-control levees, designed and constructed by the Army Corps of Engineers, caused the flooding of the City of New Orleans. The magnitude of the failure has never before been seen in the United States. The Corps of Engineers has begun to repair the defective work but has been limited by lack of authorization from Congress. Congress has not authorized repair to withstand a Category 5 hurricane storm surge. As a result, the actions of the defendants constitute a taking under inverse condemnation and caused the devaluation of real property in the City of New Orleans.

Defendant: Defendant believes the issues in this litigation are as follows:

(1) Whether Plaintiffs' claims are barred by the applicable statute of limitations?

(2) Whether Plaintiffs' claims sound in Tort, thereby depriving the Court of jurisdiction over this matter?

(3) Whether Defendant's actions amount to a taking of an interest in Plaintiffs' properties without compensation, in violation of the Fifth Amendment?

(4) If Defendant's actions amount to an unconstitutional taking, what amount of compensation are Plaintiffs due?

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Plaintiffs: It is unlikely the case will settle. However, plaintiffs would consider alternative dispute resolution after some discovery is concluded.

Defendant: Defendant believes that in-depth discussions regarding settlement and/or alternative dispute resolution are premature at this point in time. Defendant believes that settlement discussions are unlikely to be successful at least until further discovery has occurred. Defendant also believes that any potential settlement discussions would be more productive following a RCFC 56 motion and the resultant narrowing of the issues at play in this case.

**J. Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request an expedited trial scheduling and, if so, why?**

Plaintiffs: A trial is anticipated, but an expedited trial schedule is unnecessary.

Defendant: Defendant feels that this case can be resolved through dispositive motions. If the case is not resolved by dispositive motions, Defendant anticipates that this case will

proceed to trial. Defendant does not request expedited trial scheduling. Defendant feels that the trial should be held in Louisiana.

**K. Are there special issues regarding electronic case management needs?**

The parties do not have any special issues regarding electronic case management at this time.

**L. Is there other information which the Court should be aware of at this time?**

Plaintiffs: It is requested that the trial of this matter take place in New Orleans. It is also requested that the Court schedule a visit to New Orleans to fully appreciate the devastation caused by the largest man-made disaster the world has ever seen.

Defendant: Defendant would like to draw the Court's attention to Tommaseo v. United States, No. 05-1119 (Fed. Cl. filed Oct. 17, 2005) (Braden, J.). Tommaseo is a Fifth Amendment taking claim brought in this Court as a class action on behalf of all residents of Saint Bernard Parish. In Tommaseo, the plaintiffs allege that flooding caused by a storm surge that traveled up the Mississippi River Gulf Outlet (MRGO) effected a taking of their property. Their demand is for $50 billion.

Defendant would also like to draw the Court's attention to the at least twenty tort cases which have been filed in Louisiana arising from Hurricane Katrina. Most are putative class actions, including several against the federal government. In several suits, Katrina victims

sued the Army Corps of Engineers and Coast Guard alleging negligence in the design of the levees.

At this time, Defendant objects to making initial pretrial disclosures, pursuant to RCFC 26(a)(1). These disclosures would not be helpful at this early stage when so much uncertainty exists as to the facts surrounding Plaintiffs' claims. This uncertainty makes it difficult for Defendant to name appropriate witnesses, documents or tangible evidence at this time.

**DISCOVERY PLAN**

Plaintiffs: Discovery should be completed within nine months. Precise deadlines should not be imposed at this time because many government-appointed commissions are studying the cause of the levee failure in New Orleans. Those commissions should be given ample opportunity to issue reports which will be instrumental in determining whether the defendants improperly constructed and/or designed the levee system at issue. Preliminary reports place the blame for defective design and construction on the United States Army Corps of Engineers. Fact discovery should proceed through the nine-month period. Expert reports, depositions, or other discovery of experts should be accomplished within six months thereafter.

Defendant: Defendant requests an initial eight-month period in which to conduct factual discovery. Defendant feels that this schedule is appropriate in light of the magnitude of this case which will likely require several depositions, pursuant to RCFC 30(a)(1), the production of numerous documents and the evaluation of a great deal of physical evidence.

Further, important studies of the events surrounding Hurricane Katrina are in progress. In particular, ongoing studies by the United States Army Corps of Engineers (the "Corps") and the Interagency Performance Evaluation Task Force ("IPET") will assist in providing a record of what occurred in the New Orleans area during and after Hurricane Katrina. These reports are scheduled to be completed on or around June 1, 2006. Defendant feels that it would not be appropriate to begin expert discovery prior to the completion of these studies. Defendant believes that an additional four-month period should be allotted for this task.

By agreement, Defendant submits this Joint Preliminary Status Report on behalf of the parties.

Respectfully submitted March 17, 2006.

**LOWE, STEIN, HOFFMAN,**
**ALLWEISS & HAUVER, L.L.P.**
**MITCHELL J. HOFFMAN (#6896)**
**MICHAEL R. ALLWEISS (#2425)**
**HILARY HURST LANDRY (#26934)**
**JEFFREY M. HOFFMAN (#29253)**
**One Shell Square, Suite 3600**
**701 Poydras Street**
**New Orleans, Louisiana 70139-7735**

**Attorneys for Plaintiffs, Sheila Nicholson, Shelley Nicholson and Richard Hirstsus**

Respectfully submitted by,

**SUE ELLEN WOOLDRIDGE**
**Assistant Attorney General**
**Environment and Nature Resources Division**

s/ Fred R. Disheroon by Mark T. Romley
**Fred R. Disheroon, Special Litigation Counsel**
**Mark T. Romley, Trial Attorney**
**Natural Resources Section**
**Environment and Natural Resources Division**
**U.S. Department of Justice**
**601 D St. N.W., Room 3022**
**Washington, D.C. 20004**
**Telephone: (202) 616-9649**
**Facsimile: (202) 616-9667**
**Attorneys for Defendant.**