IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHEILA NICHOLSON, and<br>SHELLEY NICHOLSON, and<br>RICHARD HIRSTSUS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1259L<br><br>Hon. Lawrence M. Baskir |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND INCORPORATED MEMORANDUM**

Defendant, United States of America, hereby submits Defendant's Response to Plaintiffs' Motion for Leave to File Supplemental Authority and Incorporated Memorandum. Despite the fact that any such filing is untimely, defendant does not oppose plaintiffs' proposed filing as long as it is limited to a reply memoranda in support of plaintiffs' cross-motion for summary judgment.

On October 30, 2006, Defendant filed its Motion for Summary Judgment, and a Memorandum in support thereof ("Def's Mot."), pursuant to Rule 56 of the Rules of the Court of Federal Claims ("RCFC"). (Docket No. 16). On January 12, 2007, Plaintiffs filed a combined Cross Motion for

Summary Judgment and an Opposition ("Pltfs' Opp."). (Docket No. 21). On February 6, 2007, Defendant filed Defendant's Reply Memorandum. (Docket No. 22). Following the completion of briefing, the parties filed their Consolidated Statement of Uncontroverted Facts. (Docket No. 27). On April 10, 2007, plaintiffs filed the instant request to file supplemental authority and an incorporated memorandum. (Docket No. 28).

As noted above, defendant does not object to the filing of plaintiffs' supplemental memorandum to the extent that it serves the normal functions of a reply memorandum. In other words, if the sole purpose of the proposed brief is to respond to defendant's arguments against plaintiffs' cross-motion, then defendant does not object to this filing.[1/]

With the foregoing in mind, defendant does object to the filing of the two new exhibits offered by plaintiffs. As an initial observation, there is no apparent reason why plaintiffs did not simply file these documents with their cross-motion for summary judgment. Additionally, with specific reference to plaintiffs' proposed Exhibit B, Volume I - Executive Summary and Overview of the report of the Interagency Performance Evaluation

[1/] To the extent the memorandum acts as a reply in support of plaintiffs' cross motion, Defendant also withdraws the objections previously communicated to plaintiffs counsel regarding this proposed filing.

Team ("IPET"), that document is a draft that is subject to review and, in any event, does not contain the conclusions or opinions of the United States Army Corps of Engineers. Accordingly, defendant objects to the addition of these documents to the record.

For the foregoing reasons, defendant does not object to plaintiffs' proposed filing to the extent it serves the function of a reply memorandum in support of plaintiffs cross-motion for summary judgment. However, defendant does object to any portion of plaintiffs' proposed filing that attempts to further respond to Defendant's Motion for Summary Judgment. Defendant also objects to the entry of plaintiffs' proposed exhibits into the record.

Respectfully Submitted, this the 27th day of April 2007:

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Fred R. Disheroon
FRED R. DISHEROON, Special Litigation Counsel
MARK T. ROMLEY, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D. St. N.W., Room 3022
Washington, D.C. 20004
Telephone: (202) 616-9649
Fax: (202) 616-9667

Counsel for the Defendant.