IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHEILA NICHOLSON, and<br>SHELLEY NICHOLSON, and<br>RICHARD HIRSTSUS, | ) | |
| Plaintiffs, | ) | No. 05-1259L |
| v. | ) | Hon. Lawrence M. Baskir |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S CONSOLIDATED OBJECTION TO PLAINTIFFS' MOTIONS OF JULY 3, 2007**

---

Defendant, United States of America, hereby submits Defendant's Consolidated Objection to Plaintiffs' Motions of July 3, 2007. (Docket Nos. 36, 37 and 38). For the reasons stated herein, Defendant strenuously objects to the addition of Plaintiffs' proposed "Fact 34(a)", to the filing of Plaintiffs' proposed supplemental response brief and to the filing of Plaintiffs' edited statement of facts that contains Fact 34(a).

## BACKGROUND

On October 30, 2006, Defendant filed its Motion for Summary Judgment, and a Memorandum in support thereof ("Def's Mot."), pursuant to Rule 56 of the Rules of the Court of Federal Claims ("RCFC"). (Docket

No. 16). On May 24, 2007, following full briefing, the Court heard oral argument on Defendant's summary judgment motion. (Docket No. 29). On May 24, 2007, following argument, the Court entered an order granting Defendant the opportunity to file a limited response to what was, in effect, a late-filed Sur-Reply lodged by Plaintiffs. (Docket No. 32). The May 24 order also ordered the parties to update the Consolidated Statement of Undisputed Facts ("CSUF") and their respective briefs to reflect a newer version of the Interagency Performance Review Task Force report ("IPET Report"), which had been filed by Plaintiffs as an exhibit. (Docket No. 32).

Defendant filed the Court-granted response to Plaintiffs' late Sur-Reply on June 6, 2007. (Docket No. 33). On June 14, 2007, Plaintiffs filed amended versions of their previous briefs pursuant to the May 24 order. (Docket No. 34). On July 2, 2007, Defendant filed its amended Reply Memorandum and an amended version of the CSUF that incorporated both parties' IPET updates. (Docket No. 35). The version of the CSUF filed by Defendant did not include the new "fact" proposed by Plaintiffs. On July 3, 2007, Plaintiffs submitted three filings: 1) a Request for Leave to Amend Consolidated Statement of Uncontroverted Facts to Add One (1) New Statement of Fact and to Allow Submission of An Article by Michael Kunzelman, *Official Blames LA. For Fund Shortfall,* L.A. Times (Docket No.

36); 2) Plaintiffs' Motion for Leave to File a Memorandum In Response to Defendant's Response to Plaintiffs' Sur-Reply (Docket No. 37); and 3) a Motion to Submit Edited Copies of the Consolidated Statement of Uncontroverted Facts In Accordance With the Order of the Court (Docket No. 38).

I. Defendant's Response to Plaintiffs' Request for Leave to Amend Consolidated Statement of Uncontroverted Facts to Add One (1) New Statement of Fact and to Allow Submission of An Article by Michael Kunzelman, *Official Blames LA. For Fund Shortfall,* L.A. Times

Defendant objects to the filing of Plaintiffs' newly proposed fact 34a. Defendant objects to the filing of fact 34a because it is not relevant to the question of whether a Fifth Amendment taking has occurred in this case. Although there was an apparent irregularity in its transit, Defendant's letter of June 21, 2007 also conveyed this objection to the inclusion of Fact 34a into the CSUF.[1/]

Defendant would also like to note that the "fact" contained in proposed fact 34a is hearsay as it is derived from the alleged out of court statements of unidentified, and likely unidentifiable, "elected officials." Further, it is obvious that Plaintiffs are trying to introduce the statement for

[1/] Plaintiffs' motions note that Defendant "responded" by letter, but do not make clear that Defendant's response was an objection to the inclusion of Fact 34a.

its supposed truth, that the "federal government is responsible" for the damage wrought by Hurricane Katrina. It is just this type of conjecture at which the rules barring hearsay are aimed.

Both because fact 34a is irrelevant and because the "fact" cannot be derived from a competent source of evidence, Defendant respectfully requests that Plaintiffs' request to add fact 34a be denied.

II. Defendant's Response to Plaintiffs' Motion for Leave to File a Memorandum In Response to Defendant's Response to Plaintiffs' Sur-Reply

Defendant strenuously objects to Plaintiffs' Motion for Leave to File a Memorandum In Response to Defendant's Response to Plaintiffs' Sur-Reply. As the Court made clear at oral argument, Defendant was only granted the opportunity to respond to Plaintiffs' Sur-Reply because that brief was filed so close to the date of oral argument that Defendant could not have effectively responded to the points contained in Plaintiffs' Sur-Reply during argument. The Court further echoed this sentiment in its May 24 order saying "due to the untimely of Plaintiffs' May 22 memorandum, two days prior to argument, we will allow Defendant to respond in writing." (Docket No. 32). In light of this fact, and in light of the fact that Defendant did not raise any new issues in its Court-granted response, Defendant respectfully urges the Court to deny Plaintiffs' motion to file yet another

memorandum.

The Court should also deny Plaintiffs' motion because Plaintiffs give no justification for why they need to file Plaintiffs' Exhibit M, Vol. VII of the IPET Report, which has been available since March 26, 2007, at this late date. They do assert that certain risk related documents, attached as Plaintiffs' Exhibits N, O, P and Q, were released by the Corps on June 20, 2007, but this does not explain why Plaintiffs did not discuss the newly filed Exhibit M in their May 22 brief. For this additional reason, Defendant respectfully requests that the Court deny Plaintiffs' motion to file a response to Defendant's court-granted response to Plaintiffs' Sur-Reply.

III. Defendant's Opposition to Plaintiffs' Motion to Submit Edited Copies of the Consolidated Statement of Uncontroverted Facts In Accordance With the Order of the Court

Defendant's objection to Plaintiffs' Motion to Submit Edited Copies of the Consolidated Statement of Uncontroverted Facts In Accordance With the Order of the Court is limited. Defendant's only objection to Plaintiffs' edited version of the CSUF is to the inclusion of proposed fact 34a. For the reasons discussed supra at Section I, the addition of fact 34a is not appropriate. Accordingly, Defendant respectfully requests that the Court accept Plaintiffs' edited CSUF without proposed fact 34a.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendant respectfully requests that Plaintiffs' Request for Leave to Amend Consolidated Statement of Uncontroverted Facts to Add One (1) New Statement of Fact and to Allow Submission of An Article by Michael Kunzelman, *Official Blames LA. For Fund Shortfall,* L.A. Times be denied. (Docket No. 36). Defendant also respectfully requests that Plaintiffs' Motion for Leave to File a Memorandum In Response to Defendant's Response to Plaintiffs' Sur-Reply be denied. (Docket No. 37). Finally, Defendant objects to the filing of Plaintiffs edited copy of the CSUF to the extent it includes proposed fact 34a.

Respectfully Submitted, this the 9th day of July 2007:

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Fred R. Disheroon by Mark T. Romley
FRED R. DISHEROON, Special Litigation Counsel
MARK T. ROMLEY, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D. St. N.W., Room 3022
Washington, D.C. 20004
Telephone: (202) 616-9649
Fax: (202) 616-9667

Counsel for the Defendant.